UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WINDSOR MORRISON,

                Plaintiff,

- against -

THE CITY OF NEW YORK, PETER MORALES
and EDMUND MORRIS, employees of the New
York City Police Department,

                Defendants.

------------------------------------------------------------------x

FIRST AMENDED COMPLAINT
14 CV 4508 (MKB)(VMS)

**Jury Trial Demanded**

Windsor Morrison, by his attorney, the Law Office of Matthew Flamm, alleges the following upon information and belief as his First Amended Complaint:

Nature of the Action

1. This civil rights action arises from the May 25, 2013 unlawful arrest and detention of Windsor Morrison. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

Jurisdiction and Venue

2. This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Eastern District of New York because defendant City of New York resides in that judicial District.

Parties

4.      Plaintiff WINDSOR MORRISON (plaintiff or Mr. Morrison) is a resident of Kings County in the City and State of New York.  Plaintiff is married and has worked as a technician for Verizon since 1998.

5.      Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.      Defendant PETER MORALES, Tax Registry No. 924216, was at all times relevant a duly appointed and acting employee acting within the scope of his employment by defendant City's Police Department and assigned of the New York City Police Department's 75th Precinct in Brooklyn, New York.

7.      Defendant EDMUND MORRIS, Tax Registry No. 924217, was at all times relevant a duly appointed and acting employee acting within the scope of his employment by defendant City's Police Department and assigned of the New York City Police Department's 75th Precinct in Brooklyn, New York.

8.      Defendants Morales and Morris (together, the "individual defendants") are liable either for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Morrison was subjected despite having a reasonable opportunity to do so.  They are sued in their individual capacity.

9.      At all times relevant, the individual defendants were acting under color of state law.

Notice of Claim

10.     On or about August 16, 2013, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by

delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

12. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

13. The New York City Comptroller's Office assigned the case claim number 2013PI022355.

14. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

15. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying<br>
<u>Plaintiff's Claims for Relief</u>

16. Beginning on or about May 25, 2013 at around 2:30 a.m. at and around Linden Boulevard between Crescent Street and Eldert Lane, Windsor Morrison was lawfully driving an automobile when he was unlawfully stopped and thereafter arrested by New York City Police Officers Morales and Morris.

17. Defendants Morales and Morris handcuffed and brought Mr. Morrison to the 75th Precinct Stationhouse.

18. At the Stationhouse, defendant Morales prepared, and defendant Morris permitted him to prepare, false police reports accusing Mr. Morrison of operating an unlicensed vehicle for hire.

19. Defendant Morales prepared, and defendant Morris allowed him to prepare, two summons charging Mr. Morrison with operating an unlicensed vehicle for hire. The summons required Mr. Morrison to appear, under threat of issuance of an arrest warrant and of arrest, in Criminal Court in Manhattan on August 21, 2013.

20. Thereafter, the individual defendants caused and allowed false statements to be made to District Attorney's Offices and to the Criminal Court. The misrepresentations caused Mr. Morrison to be prosecuted under Kings County Criminal Court Docket Numbers 2013SK066080 and 2013SK066082 on charges of operating an unlicensed vehicle for hire, violations punishable by up to between thirty and sixty days in jail.

21. Defendant Morales, however, would not release plaintiff from the Precinct Stationhouse with the two summonses, and instead falsely claimed that Mr. Morrison was wanted on a 2007 bench/arrest warrant.

22. Mr. Morrison remained jailed at the 75th Precinct Stationhouse awaiting transport to Central Booking and Criminal Court for arraignment on the claimed bench warrant.

23. Mr. Morrison was injured when New York City Police Officers attempted to transport plaintiff and approximately ten other inmates to Brooklyn Central Booking.

24. Plaintiff and the other inmates were handcuffed together in a "daisy chain" for transport from the Stationhouse.

25. Officers apparently neglected to bring with them the keys to unlock the rear entrance of the van that was to be used for transporting the prisoners.

26. Rather than get the key, Officers instead attempted to squeeze and force the prisoners through the front passenger doorway behind the front passenger seat, which had been pushed forward. Predictably, this did not work.

27. When the inmate to whom plaintiff was directly handcuffed fell, Mr. Morrison fell along with him, causing substantial physical injuries to plaintiff's right elbow and both wrists.

28. Mr. Morrison was eventually taken to Brooklyn Central Booking and, about twelve or thirteen hours after his arrest, was released without seeing a judge or being arraigned on the so-called "warrant" claimed by defendant Morales.

29. Mr. Morrison appeared in Criminal Court to defend against the charges on August 21, 2013 and again, under the threat of issuance of an arrest warrant and of arrest, on September 25, 2013, when the charges were dismissed and sealed.

30. The individual defendants' acts and omissions caused Mr. Morrison to suffer loss of liberty, physical pain and suffering, mental and emotional upset and trauma, and deprivation of his constitutional rights, among other injuries.

31. Mr. Morrison's physical injuries include:

- As to the right elbow, a tear to the anconeus muscle and distal triceps tendon and a sprain/strain to the supinator muscle.

- As to the left wrist, soft tissue swelling at the radial and ulnar aspects of the left wrist and a partial tear of the triangular fibrocartilage, sprain/strain of the ulnar collateral ligament, sprain/strain at the base of the fifth metacarpal bone, sprain/strain of the tendon of the abductor pollicis longs tendon and the tendon of the extensor pollicis brevis.

- As to the right wrist, plaintiff sustained a partial tear of the triangular fibrocartilage, with joint fluid at the radiocarpal, midcarpal, and distal carpal compartments, soft tissue swelling volar and dorsal to the carpal bones and radial and ulnar aspects of the right wrist.

32. Two surgeries were performed to repair injuries caused by defendants: Mr. Morrison underwent left wrist surgery on January 10, 2014 and right wrist surgery on March 27, 2014.

33. The physical injuries prevented Mr. Morrison from his customary employment as a technician for Verizon. He returned to work on or about April 17, 2014, nearly eleven months from the incident.

34. In addition to physical injuries, Mr. Morrison suffered the psychological upset and trauma of the unlawful arrest and imprisonment, the needless and serious physical injury and disability, and the indignities and privations of the arrest-to-arraignment process.

35. In addition to physical and emotional injuries, Mr. Morrison suffered financial loss, including lost wages from his inability to work and medical expenses.

36. The individual defendants, at all times relevant, and in arresting and imprisoning Mr. Morrison, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

37. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

38. By the actions described above, the individual defendants deprived Mr. Morrison of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

39. As a consequence thereof, Windsor Morrison has been injured.

SECOND CLAIM FOR RELIEF FOR FALSE ARREST AND IMPRISONMENT

40. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

41. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

42. As a consequence thereof, Windsor Morrison has been injured.

THIRD CLAIM FOR RELIEF FOR ASSAULT

43. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

44. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

  45. As a consequence thereof, Windsor Morrison has been injured.

### FOURTH CLAIM FOR RELIEF FOR BATTERY

  46. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

  47. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

  48. As a consequence thereof, Windsor Morrison has been injured.

### FIFTH CLAIM FOR RELIEF FOR
### MALICIOUS PROSECUTION UNDER THE UNITED STATES CONSTITUTION

  49. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

  50. By the conduct described herein, the individual defendants are liable to plaintiff under 42 U.S.C. § 1983 for violating his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

  51. The individual defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Morrison without probable cause and with actual malice. The prosecution caused Mr. Morrison's liberty to be deprived. The prosecution terminated in Mr. Morrison's favor.

  52. As a consequence thereof, Windsor Morrison has been injured.

### SIXTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

  53. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

  54. By reason of the foregoing, plaintiff was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in a manner not inconsistent with innocence.

  55. As a consequence thereof, Windsor Morrison has been injured.

SEVENTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE

56. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

57. The individual defendants, despite having a reasonable opportunity to prevent, end, or truthfully report the misconduct to which plaintiff was subjected, failed to intervene, thereby violating plaintiffs rights under the Fourth and Fourteenth Amendments.

58. As a consequence thereof, Windsor Morrison has been injured.

EIGHTH CLAIM FOR RELIEF FOR
NEGLIGENT MAINTENANCE, USE, AND OPERATION OF A MOTOR VEHICLE

59. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

60. The injuries plaintiff suffered resulted from defendant City of New York, through agents, servants, and employees acting within the scope of their employment, breaching its duty properly to maintain, and operate in a safe and secure condition a motor vehicle owned by defendant City.

61. At all times relevant hereto, plaintiff was a lawfully present and a passenger in the police vehicle sought to be used for prisoner transport.

62. At all times relevant hereto, defendant City of New York owned the police vehicle sought to be used for transport of plaintiff and other prisoners from the 75th Precinct to Brooklyn Central Booking.

63. At all times relevant hereto, defendant City of New York operated the police vehicle sought to be used for prisoner transport.

64. At all times relevant hereto, defendant City of New York maintained the police vehicle sought to be used for prisoner transport.

65. The injuries plaintiff suffered were caused solely by the negligence, carelessness and recklessness of defendant City of New York in the ownership, operation, and maintenance of the police vehicle sought to be used for prisoner

transport and was in no way caused by any culpable conduct on the part of plaintiff.

66. As a result thereof, plaintiff suffered serious and permanent injuries, was rendered sick, sore, lame and disabled, and incurred expenses.

67. Solely as a result of the aforementioned carelessness, recklessness and negligence of defendant City of New York, plaintiff suffered serious injuries, as defined by Insurance Law §5102(d) and suffered economic loss greater than basis economic loss as defined by Insurance Law §5102(a).

68. This action falls within one or more of the exceptions contained within CPLR 1602.

69. As a consequence thereof, Windsor Morrison has been injured.

### NINTH CLAIM FOR RELIEF FOR NEGLIGENCE

70. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

71. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise, monitor, or discipline its law enforcement personnel, including assigning, training, supervising, monitoring, or disciplining individual Police personnel who detain based on false claims of arrest warrants.

72. The defendant City of New York's failure properly to assign, train, supervise, monitor, or discipline its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests, and allowed the individual defendants to believe that they could with impunity arrest Mr. Morrison and put him through the privations and indignities of the arrest to arraignment process based on a false claim of an arrest warrant.

73. Defendant City's negligence in assigning, training, supervising, monitoring, or disciplining proximately caused plaintiff's injuries.

74. As a consequence thereof, Windsor Morrison has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that his rights under the United States Constitution were violated, together with:

 (A) Compensatory damages in an amount to be fixed at trial;

 (B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

 (C) An award to plaintiff of the costs and disbursements herein;

 (D) An award of attorney's fees under 42 U.S.C. §1988; and

 (E) Such other and further relief as this Court may deem just and proper.

Dated: October 29, 2014
   Brooklyn, New York

      The Law Office of Matthew Flamm
       Attorney for Plaintiff
      26 Court Street, Suite 2208
      Brooklyn, New York 11242
      (718) 797-3117

      _____
      By: Matthew Flamm