

| | | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | MARK D. ZUCKERMAN<br>Senior Counsel<br>E-mail: mzuckerm@law.nyc.gov<br>Phone: (212) 356-3519<br>Fax: (212) 788-9776 |

November 1, 2017

**VIA ECF**
The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: <u>Windsor Morrison v. City of New York, et. al.</u>, 14 CV 4508 (MKB)(VMS)

Your Honor:

   I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, P.O. Peter Morales and P.O. Edmund Morris in the above-referenced matter. I write in accordance with Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference in anticipation of a motion for partial summary judgment. Defendants anticipate moving for summary judgment and the dismissal of plaintiff's First, Second, Third, Fourth, Fifth, Sixth and Seventh Claims in his Amended Complaint. Should the motion be granted, only plaintiff's Eighth and Ninth Claims as set forth in his amended complaint, causes of action sounding in state law negligence arising out of a fall that plaintiff alleges occurred while in custody and handcuffed, would remain.

   This matter arises out of events that occurred in the early morning hours of May 25, 2013, at approximately 3:00 a.m. The defendant police officers P.O. Morales and P.O. Morris were on patrol in an NYPD police vehicle. The officers observed plaintiff's vehicle traveling at approximately 50 miles per hour on Linden Blvd., at or about Crescent Street and Eldert Lane, which was well in excess of the allowable speed limit. The officers began to follow plaintiff's vehicle and were able to determine that plaintiff was speeding by determining the rate of speed at which plaintiff was traveling as they followed plaintiff's vehicle. Upon determining that plaintiff was speeding by "pacing," the defendant officers stopped plaintiff's vehicle.

   Upon the officers' approach, plaintiff was asked to produce his driver's license. Indisputably, plaintiff could not produce his driver's license upon being stopped, nor has he

produced in this litigation any other identifying information that he allegedly had with him when he was stopped. The officers observed a woman in the back seat of plaintiff's vehicle. P.O. Morales asked her if she knew plaintiff and if plaintiff was operating a taxi. She responded that she did not know plaintiff and that plaintiff was operating a taxi. Plaintiff indisputably did not have a license to operate a taxi.

Upon the officers' stop of plaintiff's vehicle, it was determined that there was an open warrant for plaintiff's arrest from 2007. The warrant was confirmed in the NYPD's ADW database upon plaintiff being taken back to the precinct stationhouse. Plaintiff also received two summonses in connection with his operating a taxi without a proper license. Plaintiff alleges herein that the NYPD's ADW database was inaccurate, and that the aforementioned warrant was not open. Plaintiff alleges that he was arrested without probable cause.

While in custody, plaintiff alleges that he was handcuffed to a "daisy chain," and suffered injuries when he fell while being placed in a police transport vehicle through a passenger side door by non-party officers. Indisputably, the defendants P.O. Morales and P.O. Morris were not involved in any way in handcuffing plaintiff to a "daisy chain," or placing him in the aforesaid transport vehicle, as the transport was to take plaintiff to Brooklyn Central Booking, which the defendants P.O. Morales and Morris were not involved with in any way.

Defendants contend that there was probable cause for plaintiff's arrest and that P.O. Morales and P.O. Morris are entitled to qualified immunity. With respect to plaintiff's claim that he was wrongfully arrested based on a warrant that was reflected as being open, albeit inaccurately, by the NYPD's ADW database, this issue was recently decided by Judge Engelmayer in Palacios v. City of New York, 15 CV 386 (PAE), 2017 U.S. Dist. LEXIS 146574 (S.D.N.Y. Sept. 11, 2017), in defendants' favor. In Palacios, Judge Engelmayer found for the defendant officers upon summary judgment on the basis that there was probable cause for the arrest therein and that the officers were entitled to qualified immunity based on the officers' reasonable reliance on an open warrant in the NYPD's ADW database. "[T]he ADW system's report of a live warrant for Palacios's arrest based on the 2011 incident would independently have justified that arrest as lawful." Id., at *23. Similarly, the ADW system's reflection of a live warrant for plaintiff's arrest in this case independently justified plaintiff's arrest of May 25, 2013 based on the ADW database reflecting it as open.

Independent of the warrant, there was probable cause for plaintiff's arrest and/or that the officers are entitled to qualified immunity on plaintiff's federal claims based on the events of May 25, 2013. First, there was reasonable suspicion and/or probable cause for the traffic stop based upon plaintiff's speeding. Officers' observations through "pacing" a vehicle have been sufficient for courts to find probable cause for speeding. See United States v. Williams, 2016 U.S. Dist. LEXIS 117744, at *21 (E.D.N.Y. July 20, 2016). Plaintiff's vague denials of speeding should not preclude summary judgment and/or qualified immunity in defendants' favor. See Briukhan v. City of New York, 147 F. Supp.3d 56, 60 (E.D.N.Y. 2015).

Second, plaintiff's failure to produce a driver's license upon his being stopped is an independent ground for probable cause for plaintiff's arrest and/or qualified immunity for the officers. See N.Y. Veh. & Traf. Law §507(2) ("Failure by a licensee to exhibit a license for operation…[to a] police officer shall be presumptive evidence that he is not duly licensed.").

"Driving without a license is a traffic infraction which justifies a police officer's immediate arrest of the unlicensed operator." Wachtler v. v. County of Herkimer, 35 F.3d 77, 80-81 (2d Cir. 1994); see also Atwater v Lago Vista, 532 U.S. 318 (2001) (holding that it is constitutionally permissible to arrest for a traffic infraction).

Third, plaintiff's not being properly licensed to drive a taxi is also an independent ground for probable cause/qualified immunity. See New York City Administrative Code §§19-505(a), 506(b)(1) and (d). As the facts appear undisputed that plaintiff did not have such a license, the passenger was sitting the back seat of the vehicle and that the passenger told him on the night of plaintiff's arrest that she did not know plaintiff and that he was operating a taxi, there was probable cause based on this violation for plaintiff's arrest and/or qualified immunity should be afforded based on this violation alone.

The foregoing defeat plaintiff's First, Second, Fifth and Sixth and Seventh Causes of Action. There can be no failure to intervene where there was no constitutional violation. Feinberg v. City of New York, No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 13, 2004).

As to plaintiff's claims for Assault and Battery, he has come forward with no evidence supporting such claims. "Officers executing a lawful arrest are privileged to commit any battery that is reasonably necessary to effect the arrest." Johnston v. Port Auth. of N.Y. & N.J., No. 09-CV-4432 (JG) (CLP), 2011 U.S. Dist. LEXIS 82815, at *35-36 (E.D.N.Y. July 28, 2011); see also Sylvester v. City of New York, 889 N.Y.S.2d 508, 2009 N.Y. Misc. LEXIS 1474, at *8-9 (Sup. Ct. N.Y. County 2009) ("To sustain a cause of action to recover damages for assault . . . there must be some evidence of force exercised in excess of what is inherent in an arrest."). Dismissal of said claims is thus proper.

Finally, plaintiff attempts to hold P.O.s Morales and Morris liable for the fall he alleges he took when handcuffed to a "daisy chain" and being directed by other non-party officers into the passenger door of a transport vehicle for transfer to Brooklyn Central Booking from the precinct stationhouse. While defendant City is not moving for summary judgment on said negligence claims (see Eighth and Ninth Claims), plaintiff's claims against the named police officers P.O.s Morales and Morris should be dismissed based on proximate causation principles. "Actions brought under § 1983 are similar to tort actions since they both serve to compensate victims, and '[a] § 1983 action, like its state tort analog[ues], employs the principle of proximate causation.'" Martin v. City of New York, 793 F. Supp.2d 583, 586 (E.D.N.Y. 2011). A court may decide the issue of proximate causation "if it can be determined as a matter of law that the defendant's actions were not the proximate cause of the plaintiff's injuries." Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 162, n. 5 (S.D.N.Y. 2009). Injuries are not reasonably foreseeable for proximate cause purposes where the "injuries were different in kind than those which would have normally been expected" from the original wrongdoing. Martin, 793 F. Supp.2d at 588. Here, as a matter of law, the fall that plaintiff alleges occurred in such a way that it could not have been foreseeable to the defendants P.O.s Morales and Morris when arresting plaintiff. As such, said claims against them should be dismissed, notwithstanding the outcome of the other proposed motion points set forth above.

Thank you for your consideration herein.

                Respectfully submitted,

                /s/

                Mark D. Zuckerman  
                Senior Counsel

cc:    All counsel (via ECF)