


**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

MARK D. ZUCKERMAN
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

September 9, 2022

**VIA ECF**
The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:  <u>Windsor Morrison v. City of New York, et. al.</u>, 14 Civ. 4508 (RPK)(TAM)

Your Honor:

        I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Peter Morales and Edmund Morris, in the above referenced matter. We write to respectfully request that the annexed purported "trial subpoenas" (Ex. A) be quashed as discovery closed in this matter on October 23, 2017.[1]

        As the Court is aware, this matter is set for trial beginning October 5, 2022.  On September 6, 2022, this Office received by mail copies of three subpoenas duces tecum to Metlife Disability (plaintiff's disability insurer), Verizon (his employer) and the New York City Comptroller's Office (regarding plaintiff's no fault file) seeking documents/records.  I promptly raised the propriety of these subpoenas with plaintiff's counsel, Matthew Flamm and Elliot Shields.  Mr. Flamm told me that Metlife and Verizon were served with the subpoenas duces tecum on September 2nd.  I believe that the Comptroller's Office was served today only because plaintiff was unable to serve that subpoena on September 2nd.  Thus, plaintiff's counsel violated

---

[1] We address this motion to Your Honor instead of the assigned Magistrate Judge since plaintiff contends that the subpoenas are "trial subpoenas" and this case will be tried beginning on October 5, 2022.

Rule 45(a)(4), Fed. R. Civ. P., by not providing defendants notice before serving these subpoenas.

Defendants substantively object to these subpoenas duces tecum as well.  "Rule 45 trial subpoenas [duces tecum] may not be used,…, as means to engage in discovery after the discovery deadline has passed."  Dodson v. CBS Broad., 02 Civ. 9270 (KMW)(AJP), 2005 U.S. Dist. LEXIS 30126, at *3-4 (S.D.N.Y. Nov. 29, 2005) (M.J. Peck) (collecting cases).  Documents were obtained from each of these non-parties during the discovery period, and upon information and belief, various documents from these non-parties are listed in the JPTO.  These are the documents that should be used at trial.  From my discussion with plaintiff's counsel yesterday, Mr. Shields reports that it is his standard practice to subpoena documents to the trial court for use in his state court trials.  Defendants respectfully submit that in federal court, the documents listed in the parties' JPTO based on the discovery taken in the case are what the parties should be using at trial.

Plaintiff has previously successfully twice in this case objected to defendants taking limited discovery post-close of discovery.  See Dockets 102 and 104 wherein defendants unsuccessfully requested additional discovery as to plaintiff's tax records and Exhibit B hereto, pp. 21-24, as to defendants' unsuccessful request to take the deposition of non-party trial witness Shontell Morris.  The same logic applies to these subpoenas.  Simply, plaintiff's subpoenas are untimely, are discovery in disguise and should be quashed as the JPTO governs the documents that may be used at trial.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman
Senior Counsel

cc: All Counsel (via ECF)