# ROTH & ROTH, LLP

192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

September 26, 2022

**Via ECF**

The Honorable Rachel P. Kovner
United States District Judge
225 Cadman Plaza East
Brooklyn, New York

      Re:   *Windsor Morrison v. City of New York, et al.,*
               14 CV 4508 (RPK)(TAM)

Your Honor:

      I was recently retained as trial counsel for Plaintiff in this matter. I submit the instant letter motion pursuant to Rule 16(e) of the Federal Rules of Civil Procedure[1] to amend the proposed Joint Pretrial Order to add a small number of documents to the Plaintiff's list of trial exhibits. Notably, the parties filed the proposed JPTO on December 6, 2019, *ECF 107*; the proposed JPTO, however, was not signed or entered by the Court. Defendants do not consent to the requested modification of the proposed JPTO.

      Plaintiff recently subpoenaed to the Courthouse his employment file from his employer, Verizon Wireless. In July and December 2014, in response to a document demand, Plaintiff provided Defendants with an unrestricted authorization to obtain his employment records from Verizon Wireless, including, "applications, background investigations, disciplinary and attendance and sick leave records, and w-2 and other wage information." See December 14, 2014 discovery response with redacted authorization, annexed hereto as *Exhibit "A"*. Pursuant to that authorization, Defendants obtained records from Verizon, and exchanged Mr. Morrison's attendance records, personnel file, and retirement savings account information; however, Verizon apparently did not produce Plaintiff's Paystubs or W2s to Defendants; or if they did, then Defendants never exchanged same with Plaintiff. Moreover, the attendance records that Verizon produced to Defendants were illegible. Thus, because of these missing and illegible records, Plaintiff subpoenaed Plaintiff's entire Verizon employment file to obtain the missing wage information and legible copies of the attendance records for use at trial.

      Defendants moved to quash the Verizon subpoena. *ECF 155*. Plaintiff filed opposition. *ECF 156*. Magistrate Judge Taryn A. Merkl heard oral argument on the motion to quash on September 15, 2022, and entered a text order that day, which stated in pertinent part:

> "[T]he Court declines to quash the subpoena to Verizon because the Joint Pre-Trial Order expressly anticipated the possibility of additional Verizon records, and many of the records Plaintiff seeks were previously produced in

---

1. Plaintiff notes that the Court did not enter or sign the parties' proposed Joint Pretrial Order, and that, therefore, Rule 16(appears not not to apply in this case.

The Honorable Rachel P. Kovner
September 26, 2022
Page 2

> discovery but are arguably illegible (see, e.g., Verizon record, ECF 156-1). However, given the lateness of Plaintiff's trial subpoena, and to limit potential prejudice to the Defendants, the Court directs Plaintiff to narrow his subpoena to Verizon (ECF 155-1, p.1) so as to seek (1) previously-produced attendance records through the year 2015; and (2) attendance records and wage information for the time period from 2015 through 2018."

Immediately after the conference, on September 15, 2022, Plaintiff submitted a proposed order to the Court. *ECF 157*. Magistrate Judge Merkl entered the order the following day, which stated in pertinent part, "IT IS ORDERED that VERIZON shall, on or before September 23, 2022, produce to the Clerk of the Court of the Eastern District of New York a certified copy of WINDSOR MORRISON'S attendance and earnings information, including, specifically Attendance Calendars, attendance/sick leave/disability records, and W-2 forms and other wage information for 2009-2018." *ECF 158*.

On September 16, 2022, Plaintiff immediately served the order on Verizon by Fax and certified mail, per Verizon's instructions. Subsequently, Verizon complied with the original subpoena and delivered documents to the Court on a CD on or about September 21, 2022.

Plaintiff went to the Clerk's Office on September 23, 2022, but was unable to open the CD and access the documents. Plaintiff returned to the Clerk's Office today with a different computer and was able to open the CD and access the documents.

After accessing and copying the Verizon documents today, Plaintiff immediately wrote to Defendants and produced a copy of all the subpoenaed documents produced by Verizon. *Exhibit "B"*. Plaintiff also sought Defendants' consent to amend the proposed JPTO to add Plaintiff's pay stubs, but they did not consent.

It is with this background that Plaintiff seeks to amend the proposed JPTO. Initially, Plaintiff notes that since the Court did not sign or enter the parties' proposed JPTO, Rule 16(e) appears not to apply to the instant request. Instead, a lower standard should apply, especially because the parties expressly stated in the proposed JPTO that modifications were anticipated, including the addition of documents regarding Plaintiff's wages and attendance that would be subpoenaed from his employer, Verizon Wireless. *See ECF 107, page 10, Plaintiff's Exhibits 32 and 33; page 12, Plaintiff's Exhibit 52*.

However, even if Rule 16(e) applies in this case, the Court should grant the requested modification to the proposed JPTO, as the requested addition of Plaintiff's paystubs to his exhibit list would not significantly prejudice Defendants, and failure to amend could result in injustice to the Plaintiff. Moreover, any inconvenience to the Court would be slight.

It is clearly established in the Second Circuit that the district court has significant discretion to permit amendment of a joint pretrial order. *Henry v. Department of Transp.*, 69 Fed.

App'x. 478, 481 (2d Cir. 2003) ("The decision to permit amendment of the proposed joint pretrial order rests within the discretion of the Court and should be granted when 'the interests of justice make such a course desirable.' ") (quoting *Madison Consultants v. Federal Deposit Ins. Corp.*, 710 F.2d 57, 62 n. 3 (2d Cir.1983)); *Helena Assocs., LLC v. EFCO Corp.*, No. 06 Civ. 0861, 2009 WL 2355811, at *2 (S.D.N.Y. July 29, 2009) ("a district court has significant discretion in determining how to apply this directive" in Rule 16(e)).

"[B]ecause the primary purpose of Rule 16 is to minimize prejudicial surprise during trial, ... even an amendment sought at the last minute due to the movant's lack of diligence may be allowed if it does not significantly prejudice the opposing party." *Helena*, 2009 WL 2355811, at *3; *see, e.g., Finnish Fur Sales Co. Ltd. v. Furs Unlimited, Inc.*, No. 89 Civ. 6284, 1992 U.S. Dist. LEXIS 2390, at *4 (S.D.N.Y. Mar. 4, 1992) (allowing an amendment to a party's factual allegations in the pre-trial order at "the eleventh hour" where party's lack of diligence was balanced against the absence of any significant prejudice to the opposing party).

"In sum, a trial court will typically amend the pretrial order when 'no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.' " *Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, No. 05-CV-2301 ADS WDW, 2013 WL 1821113, at *4 (E.D.N.Y. Apr. 29, 2013)(quoting *SEC v. U.S. Envtl., Inc.,* No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19839, at *4 (S.D.N.Y. Oct. 17, 2002)).

Here, all these factors weigh in favor of permitting Plaintiff to amend the proposed JPTO. First, no "substantial injury" will be occasioned on Defense counsel, as Plaintiff produced an authorization permitting them to obtain Plaintiff's paystubs in December 2014. Moreover, there were aware from the proposed JPTO that Plaintiff planned to subpoena and exchange additional employment and wage records from Verizon prior to trial.

On the other hand, Plaintiff will be prejudiced if he is not permitted to add his Paystubs to the proposed JPTO. Plaintiff seeks to add his Paystubs to the exhibit list because they will help Plaintiff, Defendants, the Court and the jury to accurately calculate his lost earnings. Plaintiff was employed at Verizon Wireless as a field technician. His pay stubs show that he received three different rates of pay: a base rate of $43.75 per hour; an overtime rate of $65.63 per hour (1.5x), which was paid for the first nine hours of overtime worked per week; and $87.49 per hour for any overtime more than 9 hours (or for any hours more than 49 hours in a week), or for work performed on a Sunday.

Importantly, the pay stubs show that most of Mr. Morrison's income came from working overtime and on Sundays. For example, his final pay stub from 2012, which is attached hereto as *Exhibit "C"*, shows that in 2012, he worked 1,554.25 "regular hours", earning $68,154.25; he worked 279.5 hours of overtime paid at 1.5 his base rate, earning $18,396.21; he worked 443 hours of overtime paid at 2.0 times his base rate, earning $38,876.98; and he worked 272 hours on Sundays, again at 2.0 times his base rate, earning $23,881.00. In other words, in 2012, Mr. Morrison made $81,154.19 from working overtime and on Sundays, versus $68,154.25 working regular hours.

The Honorable Rachel P. Kovner
September 26, 2022
Page 4

      Additionally, the pay stubs show the amount of Short Term Disability, sick pay and vacation pay he received when he was out of work as a result of this incident between May 2014 and April 2014. His final paystubs from 2013 and 2014 are annexed hereto as *Exhibits "D" and "E"* respectively. Plaintiff's Paystubs from 2012 to 2014 are necessary to demonstrate how much money Plaintiff actually lost as a result of not being able to work for 11 months immediately following the incident. Notably, Defendants could and should have obtained Plaintiff's Paystubs from the years 2012-2014 with the employment authorization Plaintiff produced on December 14, 2014. *Exhibit "A"*.

      Lastly, any inconvenience to the Court in permitting the amendment to the proposed JPTO would be slight, as the JPTO was never entered or signed by the Court, and the parties have not yet provided their binders to the Court with the final trial exhibits, which are due this Friday, September 30, 2022.

      Plaintiff thanks the Court for its consideration of this request.

                                  Respectfully submitted,

                                  ~//s//~

                                Elliot Shields

Enclosures.

cc: all counsel of record (via ECF)